# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| RYAN ONEIL LITTLE ) | Case No: 3:95CR105-01 |
| ) | USM No: 12027-058 |
| Date of Previous Judgment: August 15, 1996 ) | Claire Rauscher |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ■ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
■ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____ .

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 43 | Amended Offense Level: | 43 |
| Criminal History Category: | IV | Criminal History Category: | IV |
| Previous Guideline Range: | Life to Life months | Amended Guideline Range: | Life to Life months |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
■ Other (explain): No reduction, as the murder conviction (Count Ten) dictates the base offense level in this case, pursuant to §2D1.1(d)(1), which directs the application of USSG §2A1.1, if a victim was killed under circumstances that would constitute Murder and §2A1.1 calls for a base offense level of 43. Multiple grouping [which calculated Counts One, Ten, and Thirteen] resulted in a total offense level of 48; however, the Commentary to the Sentencing Table instructs that an offense level of more than 43 is to be treated as an offense of 43.

**III. ADDITIONAL COMMENTS**
The defendant was also convicted of two counts (Counts Eleven and Twelve) under 18 U.S.C. § 924(c), which resulted in a 5-year consecutive term in Count Eleven and a 20-year consecutive term in Count Twelve, both terms consecutive, which derived a total overall sentence of Life (Counts One and Ten), plus 25 years imprisonment (Counts Eleven and Twelve).

Except as provided above, all provisions of the judgment dated August 15, 1996, shall remain in effect.
**IT IS SO ORDERED.**

Order Date: June 15, 2011

Effective Date: _____
(if different from order date)

Max O. Cogburn Jr.
United States District Judge