IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:95cr105

UNITED STATES OF AMERICA, )
)
)
vs. ) ORDER
)
)
RYAN ONEIL LITTLE, )
)
Defendant. )

THIS MATTER is before the court on various motions by defendant (doc. ## 96, 99, 101, 103).

I. PROCEDURAL BACKGROUND

After a jury trial in 1996, defendant was found guilty of conspiracy with intent to distribute cocaine and cocaine base, murder in aid of racketeering activity, using and carrying a firearm during a drug trafficking offense or a crime of violence, and possession of ammunition by a convicted felon. Defendant received a life sentence. On November 12, 1998, the Fourth Circuit Court of Appeals affirmed. *United States v. Little*, 165 F.3d 912 (4th Cir. 1998).

On July 20, 2001, this court entered an order denying defendant's 28 U.S.C. § 2255 motion to vacate. On March 14, 2005, the Fourth Circuit Court of Appeals affirmed. *United States v. Little*, 123 Fed. Appx. 113 (4th Cir. 2005). Defendant has

filed various motions with the court, beginning in 2006, all of which are ripe for disposition. The court will address each motion in turn.

II.   DEFENDANT'S PENDING MOTIONS

Defendant's "motion to correct miscarriage of justice" (doc. #96)

On January 26, 2006, defendant filed a "motion to correct miscarriage of justice" (doc. # 96). Defendant's motion to correct miscarriage of justice is in fact a successive Section 2255 petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. *Id*. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court may not consider the merits of petitioner's claims because he failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing it in this court. For these reasons, defendant's "motion to correct miscarriage of justice" is denied.

Defendant's "request to court under Rule 3553 ex parte" (doc. #99)

On October 10, 2006, defendant filed a "request to court under Rule 3553 Ex Parte" (doc. #99). In this motion, defendant requests that the court write to the

officials at the prison in which he was then incarcerated in Florida to request that the officials change the rule that inmates with life sentences may not participate in vocational tech programs. The court has no jurisdiction over the Bureau of Prison's determination whether to allow defendant to participate in vocational tech programs. In any event, defendant's latest correspondence with the court indicates that he is no longer incarcerated in a Florida prison. (doc. #113.) Finally, a subsequent letter from defendant to the court states that prison officials ultimately granted his request to participate in vocational tech programs. (doc. #102.) Therefore, the motion will be denied as moot.

Defendant's "motion for reconsideration re amended judgment" (doc. #101)

On May 3, 2007, the court entered an amended judgment in light of *Booker* and 28 U.S.C. § 3553. (doc. #100.) On July 2, 2007, defendant filed a "motion for reconsideration re amended judgment (doc. #101). In the motion, defendant contends that the court re-imposed an "insufficient and greater than necessary sentence, that is in violation of *Booker* and 28 U.S.C. § 3553(a), the sentencing guidelines and the United States Constitution." Defendant requests that the court "reconsider the May 3, 2007 order and resentence the Petitioner to a more just sentence." Defendant's motion is denied, as Defendant provides no basis for modifying defendant's sentence.

Defendant's "motion for judgment on the pleadings" (doc. #103)

Finally, on July 9, 2008, defendant filed a "motion for judgment on the pleadings (doc. # 103). In this motion, defendant requests that the court rule on his previous motion to correct miscarriage of justice filed on January 26, 2006, and on his pro se motion pursuant to 18 U.S.C. § 3582(c)(2), filed on August 30, 2006. Defendant's motion is denied. The court has already stated that it will deny the previous motion to correct miscarriage of justice, filed on January 26, 2006.

Furthermore, as to the motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment only in limited circumstances. *See* 18 U.S.C. § 3582(b), (c). Specifically, "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(c)). None of these circumstances is applicable here. Thus, defendant's motion is denied.

**ORDER**

IT IS, THEREFORE, ORDERED that defendant's motions (doc. ##96, 99, 101, 103) are DENIED.

Signed: July 22, 2011

Max O. Cogburn Jr.
United States District Judge