# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3: 95cr105

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| RYAN ONEIL LITTLE, ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the court on defendant's Motion for Removal of the October 30, 2012, Order (#131), in which the court determined that defendant did not qualify for relief under the *Fair Sentencing Act of 2010* inasmuch as the cross-reference to murder prevented any change in the guideline calculations .

In the instant *pro se* motion, defendant contends that court-appointed counsel, Thomas Norman Cochran, never contacted him before filing the "Notice of Ineligibility Regarding Crack Cocaine Offense" (#127). Review of the pleadings as well as the Standing Orders of this court reveals that Mr. Cochran was appointed to represent defendant on any potential claim under the FSA. See In re: Motions Based on Retroactive Crack Cocaine Guidelines Amendment, Amended Order ("Amended Order") (#2), 3:11mc179 (W.D.N.C. August 10, 2012). Due to the varying situations among a large number of inmates, the Amended Order provided appointed counsel with specific direction where counsel, after consulting with defendant, determined that defendant was already represented, did not want court appointed counsel and wished to seek private counsel, or simply did not wish to file a counseled motion. See Amended Order, at ¶ 5. In that context, the Amended Order required appointed counsel to "notify the defendant and inquire whether he or she wishes to file a motion," id.

-1-

at ¶ 5, as well as requirements for documenting any decision to forego filing a motion. Id., at ¶ 5(c).

Such requirement of inquiry was, however, only set forth in the context of potentially *meritorious* claims. Id. It did not address what inquiry should be made in situations where the FDO determined that the defendant did not have a meritorious motion. It is silent as to what steps appointed counsel should take in consulting with the defendant in the event such counsel determines on initial screening that no relief is available under the FSA. Thus, it is within the realm of possibility that he was not consulted, as the notices filed by Mr. Cochran on defendant's behalf do not reflect consultation with defendant or that defendant was served with a copy of such notices.

On December 3, 2012, Mr. Cochran filed a responsive affidavit outlining the understanding of the Federal Defender's Office as well as his own understanding concerning the obligations of counsel under the Amended Order. In relevant part, counsel avers that "Notice of Appearance" made by himself and other federal defenders in cases where the federal defender had determined that defendant did not qualify was not actually a notice of appearance, but was instead a technical mechanism to allow counsel to file the notification that such defendant would not qualify for a reduction under Crack II. Further, counsel states that such was not intended to be a motion, but to be simply a notification to the court that the FDO had conducted a screening and that such screening was negative.

\* \* \*

Based on such review, it appears that the notification provided by Mr. Cochran was done in accordance with the Amended Order and that "notice of appearance" was not in fact a notice that Mr. Cochran represents Mr. Byrd. Thus, to the extent the "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" reflects that such motion

was "upon motion of defendant," such Order will be amended to reflect that such motion was "Upon motion of the court." Further Thomas H. Cochran will be stricken from that Order as "Defendant's Attorney" as it appears that the only capacity in which Mr. Cochran appeared in this matter was as an officer of this court fulfilling the screening requirements of the Amended Order.

Finally, as to defendant's request that the Order be stricken in its entirety so that he can file his own motion, the court finds that § 3582(c) specifically provides that such may be entered on the court's own motion. Further, to do as defendant's requests would result in a useless act as the cross-reference to murder results in no possible change in the guideline calculations under Crack II.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Removal of the October 30, 2012, Order (#131) is **GRANTED** in part and **DENIED** in part as follows:

(1) the "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" (#130) is **AMENDED** by striking "upon motion of defendant" and adding "upon motion of the court";

(2) Thomas H. Cochran is **STRICKEN** from the caption of that Order and the docket as "Defendant's Attorney" ; and'

(3) the motion is otherwise **DENIED**.

A courtesy copy of this Order shall also be sent to USPO Deputy Chief Ervin. Further, a copy of this Order shall also be brought to the attention of Operations Chief Wallace for consideration of other ways to allow an attorney in ECF to make an appearance

when instructed to do so by the court, but without the necessity of linking such appearance to a party.

Signed: December 8, 2012

Max O. Cogburn Jr.
United States District Judge